[Cite as *State v. Rupert*, 2020-Ohio-6893.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  15-20-03

    v.

THOMAS D. RUPERT,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-19-01-005

Judgment Affirmed

Date of Decision:   December 28, 2020

APPEARANCES:

    *Marley C. Nelson* for Appellant

    *Eva J. Yarger* for Appellee

**WILLIAMOWSKI, J.**

{¶1} Defendant-appellant Thomas D. Rupert ("Rupert") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County accepting the verdicts of guilty to two counts of gross sexual imposition and sentencing him to an aggregate prison term of 60 months. Rupert claims on appeal that the verdicts were against the manifest weight of the evidence and that the prosecutor engaged in misconduct which prejudiced him. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 3, 2019, the grand jury of Van Wert County indicted Rupert on five counts: 1) rape in violation of R.C. 2907.02(A)(1)(b), 2907.02(B), a felony of the first degree; 2) gross sexual imposition in violation of R.C. 2907.05(A)(4), 2907.05(C)(2), a felony of the third degree; 3) gross sexual imposition in violation of R.C. 2907.05(A)(1), 2907.05(C)(1), a felony of the fourth degree; 4) sexual battery in violation of R.C. 2907.03(A)(5), 2907.03(B), a felony of the third degree; and 5) sexual battery in violation of R.C. 2907.03(A)(5), 2907.03(B), a felony of the second degree as the victim was less than thirteen years of age. Doc. 2. Rupert entered pleas of not guilty to the charges. Doc. 11. A jury trial was held from October 28 through October 30, 2019. Doc. 66. The jury returned verdicts of not guilty on the rape, as charged in count 1, but found Rupert guilty of the lesser included offense of gross sexual imposition, a felony of the third degree. Doc. 64. The jury also found Rupert guilty of gross sexual imposition as set forth in count 2.

*Id.* The jury found Rupert not guilty of counts 3, 4, and 5. *Id.* The trial court accepted the jury verdicts on October 31, 2019. Doc. 66. A sentencing hearing was held on January 10, 2020. Doc. 71. The trial court ordered that Rupert serve a prison term of 30 months on each count and that the sentences be served consecutive to each other. *Id.* Rupert appeals from this judgment and raises the following assignments of error on appeal.

**First Assignment of Error**

**[Rupert's] convictions were against the manifest weight of the evidence in violation of his rights to due process and a fair trial.**

**Second Assignment of Error**

**Prosecutorial misconduct denied [Rupert] a fair trial and due process of law.**

*Manifest Weight of the Evidence*

{¶3} In the first assignment of error, Rupert claims that his conviction was against the manifest weight of the evidence. When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Mendoza*, 137 Ohio App.3d 336, 738 N.E.2d 822 (3d Dist. 2000). *See, also*, *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A new trial should

be granted only in the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387, 678 N.E.2d 541. Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given. *State v. Moorer*, 3d Dist. Seneca No. 13–12–22, 2013-Ohio-650, ¶ 29.

{¶4} Here, Rupert claims that the testimony of the victims was inconsistent and unreliable. The jury convicted Rupert of two counts of gross sexual imposition in violation of R.C. 2907.05, which provides in pertinent part as follows.

> **(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:**
>
> **\* \* \***
>
> **(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.**

There is no dispute in this case that the two victims were under the age of 13 at the time of the offenses. Thus, the only question is whether there was credible evidence that Rupert had sexual contact with the victims. Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

**{¶5}** T.R., the victim of the actions making up Count 2, testified that on multiple occasions, Rupert would grab her hand and force her to touch her breasts, her vaginal area, or his "private area." Tr. 121. She also testified that Rupert would touch her vaginal area, breasts, and butt. Tr. 121. She indicated that most of the touching occurred over her clothing, but that there were two instances where he touched her vaginal area under her clothing. Tr. 128, 146-47. Rupert argues that this testimony is not credible because there were discrepancies in her testimony.

> **The jury is the sole judge of the weight of the evidence and the credibility of witnesses. It may believe or disbelieve any witness or accept part of what a witness says and reject the rest. In reaching its verdict, the jury should consider the demeanor of the witness and the manner in which he testifies, his connection or relationship with the prosecution or the defendant, and his interest, if any, in the outcome.**

*State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Kruse*, 3d Dist. Union No. 14-16-15, 2017-Ohio-5667, ¶ 66 quoting *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). Here, the alleged inconsistencies were before the jury and it had the opportunity to weigh the evidence presented. The jury clearly took its task seriously as it found Rupert not guilty of Counts 3 and 4 which were also based upon T.R.'s testimony.

**{¶6}** E.B., who was the victim of the actions in Count 1, testified that she was lying on the bed in Rupert's bedroom watching tv when he came in and laid on

the bed behind her. Tr. 168-69. E.B. then testified that Rupert reached his arm over her and started touching her vagina inside her pants, but on the outside of her underwear. Tr. 169-70. According to E.B., Rupert was rubbing the outside of her vaginal area, but did not go inside of her. Tr. 171. Rupert argues this testimony lacks credibility because on redirect, she indicated that his finger went in. However, as discussed above, the jury was given the opportunity to hear all of the evidence, including the inconsistencies and determine what was credible. The jury was not required to believe all of the testimony. The jury evidently chose to believe the testimony given on direct because it found Rupert not guilty of rape, but guilty of the lesser included offense of gross sexual imposition. The jury also found him not guilty of sexual battery as it related to E.B. Viewing all the evidence as a whole, we cannot say that the evidence weighs heavily against conviction or that the jury clearly lost its way and created a manifest miscarriage of justice. The first assignment of error is overruled.

*Prosecutorial Misconduct*

{¶7} Rupert argues in the second assignment of error that he was denied a fair trial when the prosecutor accused him of committing perjury. We note initially that Barnes failed to object to the statement during the trial, so our review is limited to one of plain error. *State v. Dixon*, 152 Ohio App.3d 760, 2003-Ohio-2250, ¶ 26, 790 N.E.2d 349 (3d Dist.). "The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the accused's

substantial rights." *State v. Liles*, 3d Dist. Allen No. 1–14–61, 2015-Ohio-3093, ¶ 31, citing *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). Prejudice is shown when there is a reasonable probability that but for the improper remark by the prosecutor, the result of the trial would have been different. *State v. Stevens,* 3d Dist. Allen No. 1-14-58, 2016-Ohio-446, ¶ 53, 58 N.E.3d 584. "Not every intemperate remark by counsel can be a basis for reversal." *State v. Landrum,* 53 Ohio St.3d 107, 112, 559 N.E.2d 710 (1990).

> **The touchstone of analysis " * * * is the fairness of the trial, not the culpability of the prosecutor. * * * "** *Smith v. Phillips*, **455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78, (1982). The Constitution does not guarantee an "error free, perfect trial * * *."** *United States v. Hasting*, **461 U.S. 499, 508, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96, (1983).**

*Id*.

{¶8} Barnes' argument is based upon one comment made by the prosecutor during closing arguments. Specifically, after discussing the testimony of the victims and their relationship with Barnes, the prosecutor inferred that Barnes had lied during his testimony. The prosecutor's statement was "if a person will abuse a child, what's a little perjury." Tr. 498. This Court does not find accusations that a witness, including the defendant, has committed perjury in a case to be proper. "Such statements function as backhanded impeachment as well as attempted witness intimidation and express the prosecutor's personal belief or opinion as to the credibility of the witness, which is improper." *State v. Halley*, 93 Ohio App.3d 71,

79, 637 N.E.2d 937 (10th Dist. 1994). However, the fact that the prosecutor made one isolated remark during closing argument does not automatically make the trial unfair. A review of the closing argument as a whole does not show that the error was prevalent throughout the closing argument. Throughout the closing argument, the prosecutor repeatedly stated "if" you believe or "if" you find, inferring properly that it was up to the jury to determine the facts. See e.g. Tr. 484, 485, 488, and 489. The jury was properly instructed that statements made by counsel during closing argument were not evidence. Tr. 516. The trial court also told the jurors that they were the "sole judge of the facts, the credibility of the witnesses and the weight of the evidence." Tr. 516. Given all of this along with the evidence presented at the trial, this Court does not find that the single inappropriate statement by the prosecutor in this case was prejudicial. Thus, the second assignment of error is overruled.

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Van Wert County is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**